UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY LERON LEWIS,

        Movant,

                                                               File No. 1:06-CV-293

v.

                                                               HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

        Respondent.
                                    /

**O P I N I O N**

This matter comes before the Court on Movant Larry Leron Lewis' motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him by this Court on April 28, 2005.

**I.**

On January 24, 2005, Movant entered a plea of guilty in this Court to one count of conspiracy to distribute more than 50 grams of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A)(iii); two counts of distribution of a quantity of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 841(b)(1)(B)(iii); and two counts of possession with intent to distribute a quantity of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii) and 841(b)(1)(B)(iii). On April 28, 2005, he was sentenced to 120 months' imprisonment on each count, to be served concurrently, and a $4,500.00 fine. Movant did not appeal his sentence.

Movant's sentence was based in part on the Government's motion for a downward departure of one to two levels under the Sentencing Guidelines, in accordance with U.S.S.G. § 5K1.1, in recognition of Movant's substantial cooperation with the Government. The Government did not, however, move to release the mandatory minimum sentence of 10 years (120 months) in prison.

On May 21, 2006, Movant filed the instant motion under 28 U.S.C. § 2255, which was signed on April 28, 2006. In his motion, Movant raises two claims of ineffective assistance of trial counsel: (1) counsel failed to advise him completely of his appeal rights and advised him not to file an appeal, even though he stated he wanted to "reserve" his right to appeal; and (2) counsel failed to explain the consequences of all the charges to which he was pleading guilty and, therefore, Movant did not fully understand the consequences of his plea.

**II.**

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail under § 2255, "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). "Relief is warranted only where

a petitioner has shown 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id.* (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)).

In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982). A petitioner is procedurally barred from raising claims in a § 2255 motion, even those of constitutional magnitude, to which no contemporaneous objection was made or which were not presented on direct appeal. *Frady*, 456 U.S. at 167-68; *Nagi v. United States*, 90 F.3d 130, 134 (6th Cir. 1996). Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in a motion under § 2255 only if the defendant first demonstrates either cause for the default and actual prejudice or that he is actually innocent. *Bousley v. United States*, 523 U.S. 614, 622 (1998). The procedural default rule does not apply, however, to claims of ineffective assistance of counsel. Claims of ineffective assistance of trial counsel generally are not reviewable on direct appeal, because the record may be inadequate to permit review. *See United States v. Kincaide*, 145 F.3d 771, 785 (6th Cir. 1998); *United States v. Tucker*, 90 F.3d 1135, 1143 (6th Cir. 1996). Consequently, such claims may be raised for the first time in a § 2255 proceeding, without regard to a failure to raise them on direct appeal. *See Tucker*, 90 F.3d at 1143; *United States v. Allison*, 59 F.3d 43, 47 (6th Cir. 1995).

In an action to vacate or correct the sentence, a court is required to grant a hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion

and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28 U.S.C. § 2255.

> The statute "does not require a full blown evidentiary hearing in every instance . . . . Rather, the hearing conducted by the court, if any, must be tailored to the specific needs of the case, with due regard for the origin and complexity of the issues of fact and the thoroughness of the record on which (or perhaps, against which) the section 2255 motion is made."

*Smith v. United States*, 348 F.3d 545, 550-51 (6th Cir. 2003) (quoting *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993)). No evidentiary hearing is required if the petitioner's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995), *quoted in Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999). Where the judge considering the § 2255 motion also conducted the trial, the judge may rely on his or her recollections of the trial. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

### III.

The files and records in this case conclusively show that Movant is not entitled to relief on either claim of ineffective assistance of trial counsel.

In *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that

counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that counsel's strategic decisions were hard to attack). The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690.

Even if a court determines that counsel's performance was outside that range, the defendant is not entitled to relief if he was not prejudiced by counsel's error. *Id.* at 691. To establish prejudice, the defendant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

When deciding a claim of ineffective assistance of counsel, a court "need not address both components of the inquiry 'if the defendant makes an insufficient showing on one.'" *Campbell v. United States*, 364 F.3d 727, 730 (6th Cir. 2004) (quoting *Strickland*, 466 U.S. at 697). "If it is easier to dispose of an ineffectiveness claim on the ground of lack of

sufficient prejudice, which we expect will often be so, that course should be followed." *Strickland*, 466 U.S. at 697.

### A.     Failure to File an Appeal

In his first ground for relief, Movant contends that his attorney rendered ineffective assistance failing to file an appeal and/or failing to advise Movant to file an appeal. In the context of an attorney's alleged failure to file an appeal, the Supreme Court has indicated that the *Strickland* standard continues to apply. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). In reviewing such a claim, "'[j]udicial scrutiny of counsel's performance must be highly deferential.'" *Id.* at 477 (quoting *Strickland*, 466 U.S. at 689). Where an attorney fails to initiate an appeal when specifically instructed to file he acts in a manner that is professionally unreasonable. *Flores-Ortega*, 528 U.S. at 477 (citing *Rodriguez v. United States*, 395 U.S. 327 (1969)). In contrast, a defendant who has instructed his attorney not to file an appeal cannot later complain that his counsel performed ineffectively. *Flores-Ortega* at 477. Where the defendant has not clearly conveyed his wishes one way or the other, a court must first consider whether counsel consulted with the defendant about an appeal, advising the defendant of the advantages and disadvantages of doing so, and making a reasonable effort to determine the defendant's wishes. *Id.* at 478; *see also Regalado v. United States*, 334 F.3d 520, 524 (6th Cir. 2003). If counsel did consult, his performance is constitutionally deficient only if counsel failed to appeal as expressly instructed by a defendant. *Regalado*, 334 F.3d at 524. If counsel failed to consult, that lack of consultation is professionally unreasonable

only where (1) a rational defendant would want an appeal, or (2) a particular defendant reasonably demonstrated to counsel an interest in appealing. *Flores-Ortega*, 528 U.S. at 480. If counsel deficiently failed to consult, a defendant must demonstrate that "there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* at 484.

In the instant case, while Movant argues his attorney did not advise him "completely" and that he at some time told her that he wanted to "reserve" his right to appeal, he at no time alleges that he directly asked her to file an appeal. The affidavit filed by his trial attorney corroborates Movant's representation that counsel consulted with him about filing an appeal. According to the affidavit, counsel met with Movant in the U.S. Marshal's lockup facility immediately following sentencing, advised him of his right to appeal, and counseled him that she did not see any valid appellate issues regarding the plea or sentence. Counsel avers that Movant expressly instructed her not to file an appeal. Following receipt of the judgment, counsel mailed a copy to Movant, together with a cover letter advising him that, in accordance with his instructions, she did not intend to file an appeal and informing him that, should he change his mind, the Notice of Appeal must be filed within ten days of the entry of judgment. Movant never contacted his attorney about filing an appeal. (Turek Aff., ¶¶ 15-17.) Movant makes no allegations that contradict counsel's express averments. As a result, Movant fails to allege or show that counsel ignored his express request that she file an appeal. *See Flores-Ortega*, 528 U.S. at 477.

7

Similarly, Movant does not alleged that his attorney failed to consult with him about filing an appeal. Indeed, he expressly alleges that she consulted with him, advising him not to file an appeal, and his allegation is consistent with his attorney's sworn statement. As a consequence, movant is not entitled to an examination of the reasonableness of any failure to consult. *See Flores-Ortega*, 528 U.S. at 478; *Regalado*, 334 F.3d at 524.

Because Movant acknowledges that his attorney did counsel him about his appeal rights, he may only demonstrate that counsel was ineffective by showing that counsel failed to appeal as expressly instructed. *See Regalado*, 334 F.3d at 524. As previously discussed, Movant makes no allegation that he expressly instructed his attorney to file an appeal. He therefore is unable to demonstrate that counsel's performance was ineffective.

B.   Guilty plea

In his second ground for relief, Movant alleges that his trial attorney rendered ineffective assistance by failing to fully advise him regarding the consequences of his plea. He contends that, due to the ineffective assistance of counsel, his guilty plea was not made voluntarily or with full understanding of the consequences.

To make out a claim of ineffective assistance of counsel sufficient to overcome Defendant's procedural default of his challenge to the guilty plea, Defendant must demonstrate: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. *Strickland*, 466 U.S. at 687-88;

8

*see also Williams v. Taylor*, 529 U.S. 362, 390-91 (2000). A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Counsel's performance must be evaluated from the perspective existing at the time of the representation, not from the perspective of hindsight. *Strickland*, 466 U.S. at 689. In a guilty plea context, while the performance prong of the *Strickland* test remains the same, to establish prejudice the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *accord Griffin v. United States*, 330 F.3d 733, 737 (6th Cir. 2003); *Ohara v. Wiggington*, 24 F.3d 823, 828 (6th Cir. 1994); *Warner v. United States*, 975 F.2d 1207, 1214 (6th Cir. 1992).

A plea of guilty is valid if it is entered voluntarily and intelligently, *Bousley v. United States*, 523 U.S. 614, 618 (1998), as determined under the totality of the circumstances. *Brady v. United States*, 397 U.S. 742, 749 (1970); *Boykin v. Alabama*, 395 U.S. 238, 242-44 (1969). The Government bears the burden of showing that the Movant's plea was voluntary, intelligent and knowing. *See Stumpf v. Mitchell*, 367 F.3d 594, 600 (6th Cir. 2004), *rev'd in part on other grounds by Bradshaw v. Stumpf*, 545 U.S. 175 (2005). To meet constitutional muster, the totality of the circumstances must reflect that the defendant was informed of all the direct consequences of his plea. *Brady*, 397 U.S. at 755. The distinction between direct and collateral consequences turns on whether the result flowing from the plea is definite,

immediate and automatic. *King v. Dutton*, 17 F.3d 151, 154-55 (6th Cir. 1994). The maximum possible sentence is a direct consequence of the plea. *Hart v. Marion Corr. Inst.*, 927 F.2d 256, 259 (6th Cir. 1991).

In the instant case, Movant makes no attempt to identify any consequence, direct or indirect, of which he was not advised. He therefore has failed to articulate a basis for relief. Moreover, the plea agreement, which Movant signed, directly contradicts his claim. The agreement fully describes the minimum statutory sentences on the offenses, including a 10-year minimum on Counts One and Sixteen and a five-year minimum on Count Thirteen. The plea agreement also lists maximum sentences on all of the offenses to which Movant pleaded guilty, ranging from 20 years' imprisonment to life imprisonment. In addition, by signing the plea agreement, Movant agreed that his guilty plea was freely, knowingly and voluntarily entered and that no other agreements had been made. The plea agreement also contained a statement by Movant that he had read, discussed with his attorney and understood all terms of the agreement, and that his attorney had fully advised him of his rights and defenses and of the consequences of entering into the agreement, including the potential sentence calculations. He further signed a statement that he was fully satisfied with the representation of his attorney. Counsel signed a similar statement declaring that she had fully advised Movant of all of the consequences of the agreement.

In addition, according to the Court's recollection and notes, Movant acknowledged at the change of plea hearing that he understood the entire plea agreement, that he had had

ample opportunity to discuss the plea with his attorney and that he was satisfied with his attorney's representation. He further represented that he was fully aware of the rights he was waiving by entering the plea. Movant was informed on the record both of the mandatory minimum sentences and the maximum sentences on all counts. Movant subsequently confirmed that his plea was undertaken freely and voluntarily and with full understanding.

At no time before or during sentencing did Movant suggest that his plea was uninformed or involuntary. Moreover, at sentencing, Movant received substantial benefit from his agreement to plead guilty. The Court considered and sustained a defense objection to a sentencing calculation, resulting in a three-level downward adjustment. The Court also granted the Government's motion for a two-level downward departure for substantial assistance. As a result, the Court sentenced Defendant to a term of 120 months on all counts, to run concurrently. That sentence reflected the mandatory minimum sentence to which Movant was eligible on two counts.

In sum, the Court is unable to identify a single consequence of the plea of which Movant was not advised, both in the plea agreement and on the record at the plea hearing.

Moreover, even if Movant could identify a consequence of which he was not advised, he has failed to allege that he has suffered any prejudice. Movant at no time asserts that, had he been advised of any such consequence, he would have declined to plead guilty and insisted on proceeding to trial. *See Hill*, 474 U.S. at 59; *Griffin*, 330 F.3d at 737. Movant therefore has failed to demonstrate either prong of the *Strickland* standard.

## IV.

The files and records in this case conclusively show that the Movant is entitled to no relief under § 2255. Accordingly no evidentiary hearing is required to resolve the merits of the pending motion. For the reasons stated herein, the motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 must be denied. An order consistent with this opinion will be entered.


Date:   October 3, 2006              /s/ Robert Holmes Bell
                                     ROBERT HOLMES BELL
                                     CHIEF UNITED STATES DISTRICT JUDGE